UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESTINY REDDICK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00099-MAL |
| | ) | |
| MARYVILLE UNIVERSITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants Maryville University and Maryville University Dean Mascheal Schappe's Motion for Summary Judgment (Doc. 15) and Motion to Stay (Doc. 20). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss as converted to a Motion for Summary Judgment and **DENIES as moot** Defendants' Motion to Stay.

## I.    Facts and Background[1]

Plaintiff Reddick brings this suit against her former employer Maryville University (Maryville) and her former supervisor, Maryville University Dean Mascheal Schappe (Doc. 1, p.1).  Reddick argues that Maryville and her supervisor violated 42 U.S.C. § 1981 by (1) discriminating against Reddick on the basis of Reddick's race, (2) retaliating against Reddick for opposing race discrimination, and (3) creating a hostile work environment because of Reddick's race.[2]  (Doc. 6 at 2–4.  Reddick is a Black woman who was employed by Maryville from 2015 to January 2021. *Id*. at ¶ 1.1.  Reddick was urged by senior university officials to lead race and equity initiatives because she was "a Black woman in education." *Id*. at ¶ 1.2.  She claims that despite her achievements, which included the President's Award for Diversity, Equity, and Inclusion, and nominations for other institutional honors, she was treated less favorably than similarly situated white colleagues involved in race, equity, and access efforts. *Id*. at ¶¶ 1.2– 1.4.  Specifically, she

---

[1] "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party" but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[2] Reddick's Amended Complaint includes "Count IV: Delay in Filing Due to Ongoing Relationship with Defendant." However, Count IV does not contain additional allegations or legal claims, but seeks to explain why she delayed filing the other counts.

claims that she was subjected to a series of adverse employment actions for these efforts and her white colleagues were not. *Id*. at ¶¶ 1.3, 1.4. Reddick alleges that Dean Schappe undermined Reddick's role through hostility, including comments on Reddick's racial identity, skin tone, hair, and body, as well as derogatory critiques of her communication style. *Id*. at ¶ 1.5. Reddick states these actions, grounded in racial bias, ultimately led to her constructive discharge. *Id*.

Reddick purportedly experienced several discriminatory acts including being retaliated against, criticized, being presented with racially themed "gifts," having a pen thrown at her, and receiving degrading comments. *Id*. at ¶¶ 4.1–4.4; 7.1–7.5. After her discharge in 2021, she remained a student at Maryville until 2024. *Id*. at ¶ 10.1. Because she feared retaliation, grade bias, and interference with her academic completion, she did not pursue U.S. Equal Employment Opportunity Commission (EEOC) remedies. *Id*. at ¶¶ 10.2. Reddick clarifies that she is not bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Doc. 6, p. 1). Rather, she is bringing this action solely under 42 U.S.C. § 1981. *Id*. Maryville moved to dismiss, arguing that Reddick's Complaint was filed untimely under 42 U.S.C. § 1981's statute of limitations. (Doc. 15). The Court notified parties on January 9, 2026, that it would convert Defendants' Motion to Dismiss to a Motion for Summary Judgment and gave parties an opportunity to file supplemental briefing (Doc. 23). Reddick filed a supplemental brief in opposition to Defendants' Motion for Summary Judgment (Doc. 24). Defendants moved to file an untimely response to Reddick's brief (Doc. 25), but the Court denied the motion (Doc. 28).

## II.    Legal Standard

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Considering matters outside the pleading requires the motion to be treated as one for summary judgment and disposed of as provided in Rule 56. *Layton v. United States*, 919 F.2d 1333, 1335 (8th Cir. 1990) (quoting Fed. R. Civ. P. 12(d) advisory committee's notes to 1937 adoption).

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a

2

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] ... raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Uhl v. Swanstrom*, 79 F.3d 751, 754 (8th Cir. 1996).[3]

## III.    Analysis of Statute of Limitations Argument

Defendants argue summary judgment should be entered for them because Reddick's claims are barred by the four-year statute of limitations in 28 U.S.C. § 1658. (Doc. 15, p. 2; Doc. 15-1, p.6).

### A.  Legal Standard

Section 1981 provides that "[a]ll persons … have the same right … to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws … as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "To prove a § 1981 discrimination claim, a plaintiff must establish membership in a protected class, discriminatory intent by the defendant, engagement in a protected activity (e.g., attempting to make a contract or having an existing contractual relationship), and interference with that activity." *Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023).

---

[3] Reddick attempts to create a dispute of material fact by stating that Defendants' Rule 26 disclosures confirm factual disputes "including retaliation, constructive discharge, and pretext." (Doc. 24, p. 5). However, "[t]he mere existence of some alleged factual dispute will not defeat a properly supported summary judgment motion." *Churchill Bus. Credit, Inc. v. Pac. Mut. Door Co.*, 49 F.3d 1334, 1336 (8th Cir. 1995). This case must be disposed of, as discussed *infra*, because Reddick filed her Complaint outside the statute of limitations regardless of these alleged factual disputes.

3

Section 1981 claims have a four-year statute of limitations. *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 526 (8th Cir. 2019) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383–85 (2004)). Under federal law, "one act of the hostile work environment must occur within … the § 1981 statute of limitations period." *Madison v. IBP, Inc.*, 330 F.3d 1051, 1061 (8th Cir. 2003). Therefore, for Reddick to prevail, she must allege one hostile act within the statute of limitations period.

### B. Application of Law to Facts

Reddick's final date of employment was January 15, 2021 (Doc. 15-1, ¶ 18; Doc. 15-3 ¶ 6; Doc. 15-4 at 2; Doc. 15-5 at 2). Given that any § 1981 claims would have had to arise during her employment, the four-year statute of limitations would have lapsed at least by January 15, 2021. Thus, her January 27, 2025 Complaint was too late.

Reddick disputes this conclusion on two grounds. First, she states that she delayed filing this suit because she was still a student at Maryville and feared retaliation (Doc. 6, p. 1–2, 4). Second, Reddick argues that while January 15, 2025, was her last "working day," her actual last day of employment was January 31, 2021, because her benefits ran through the end of the month and Maryville certified to the U.S. Department of Education for Plaintiff's Public Service Loan Forgiveness application that her last day of employment was January 29, 2021 (Doc. 17, p. 5–7). Neither of these arguments change the ultimate conclusion that the statute of limitations has lapsed.

As to Reddick's argument about delayed filing to avoid retaliation, this is not a basis for tolling the statute of limitations. Nothing in the statute allows for tolling on this basis despite the fact that the statute expressly allows tolling under circumstances of "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws…." 28 U.S.C. § 1658(b). Under the *expressio unius* canon of statutory construction, "the expression of one thing excludes others not expressed." *Watt v. GMAC Mortg. Corp.*, 457 F.3d 781, 783 (8th Cir. 2006). Thus, the four-year statute of limitations here did not toll on the basis of fear of additional retaliation.

As to Reddick's argument that her last working day was different from her last day of employment, meaning the statute of limitations does not bar her claim, this too is without merit. Maryville argues that Reddick's last day of employment was January 15, 2021, making her January 27, 2025 filing untimely (Doc. 15-1 at 6–7). As evidence that Reddick's last day of employment was January 15, 2021, Maryville offers a declaration from Maryville's Executive Director of

4

Human Resources stating Reddick's last day of employment was January 15, 2021 (Doc. 15-3); an email from Reddick stating her "last day of work will be January 15, 2021" (Doc. 15-4); notes from an exit interview noting Reddick's last working day is January 15, 2021 (Doc. 15-5); an earnings statement showing her pay from January 1, 2021 to January 15, 2021 was $3,451.67 for the pay period (Doc. 19-1); and her 2021 W-2 showing her pay for the entire calendar year was $3,451.67 (Doc. 19-2).

Reddick maintains that her last working day was different from her last day of employment (Doc. 17 at 5).  She argues because she received benefits through the end of the month, and a Maryville representative filled out a Public Service Loan Forgiveness form indicating her employment ended January 29, 2021, her claim is not time barred (*Id*; Doc. 17, p. 30; Doc 17 pp. 23–29).[4]  Maryville notes "it was Plaintiff herself who provided the dates in the PSLF form," and "Maryville acknowledges that the PSLF form was reviewed by one of its Human Resources employees nearly four years later, but Maryville states that the date provided by Plaintiff was errantly confirmed as a result of human error."  (Doc. 19, p. 5 n.5).  Interestingly, Reddick never gives an exact date her employment ended, rather stating her "last day of employment occurred at the end of January 2021, not January 15, 2021."  (Doc. 17, p. 6).

But even if Reddick's last day was January 29, 2021, Reddick does not allege a discriminatory act occurred within the statute of limitations—i.e., on January 27, 28, or 29, 2021. "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 229 (8th Cir. 1996) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980)) (discussing claims under the Missouri Human Rights Act).  "A claim under 42 U.S.C. § 1981 accrues at the 'time of the ***discriminatory act.***'" *Combs v. The Cordish Companies, Inc.*, 862 F.3d 671, 679 (8th Cir. 2017) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)) (emphasis in original).  "An employee's

---

[4] Reddick argues that judicial estoppel bars parties from asserting inconsistent positions in different proceedings, and because Maryville certified on the PSLF form her last day was January 29, 2021, Maryville should not be able to now argue her last day was January 15, 2021 (Doc. 17 at 7).  The Court notes there is no evidence to suggest there was another judicial proceeding where Maryville made this representation (rather, it was a form).  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a *legal proceeding*, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position…") (emphasis added) (quotation omitted).  *See also Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 981 (8th Cir. 2009) ("[B]ecause the rule [of judicial estoppel] is intended to prevent improper use of judicial machinery, the discretionary determination to apply the doctrine of judicial estoppel is made on a case-by-case basis.").

[§ 1981] claim accrues on the date she is notified of the employer's decision, not on the date the decision becomes effective." *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994) (citing *Delaware State College*, 449 U.S. at 258). Thus, what matters here are the dates of the alleged discrimination, not the date when Reddick's resignation became effective. Therefore, not "one act of the hostile work environment [occurred] within … the § 1981 statute of limitations period." *Madison*, 330 F.3d at 1061. Reddick has not shown that discrimination occurred on January 27, 28, or 29, 2021.[5]

Because Reddick filed her claim after the § 1981 statute of limitations expired, the Court enters summary judgment for Defendants. Accordingly, Defendants Motion to Stay is denied as moot.

CONCLUSION

It is hereby ordered that Defendant Maryville University's Motion for Summary Judgment (Doc. 15) is **GRANTED**. Maryville University's Motion to Stay (Doc. 20) is **DENIED** as moot.

Dated this 27th day of April, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

---

[5] Reddick relies on *Delaware State Coll. v. Ricks*, 449 U.S. 250 (1980) in her Reply to suggest "limitations period begins when the employment relationship is terminated, not when the employee last performs work." (Doc. 17, p. 5). In *Ricks*, the Court held the statute of limitations period for § 1981 actions begin to run when the Plaintiff was notified of Defendant's decision to deny Plaintiff's tenure, not when his one-year-term contract expired, because the complained-of discriminatory action was denial of tenure. *Id*. at 259. Here, even if Reddick's employment continued after her resignation date, she would still need to plead that discrimination occurred on January 27, 28, or 29, 2021, which she does not.